IN THE UNITED STATES OF AMERICA
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA                                                           PLAINTIFF

V.                                                              CRIMINAL NUMBER 2:09CR12KS-MTP

GARY MARK STEWART                                                                  DEFENDANT

## FINAL ORDER OF FORFEITURE

WHEREAS pursuant to Title 21, United States Code Section, 853 and by virtue of the defendant Gary Mark Stewart's guilty plea and the Court's Preliminary Order of Forfeiture, all right, title and interest of defendant Gary Mark Stewart in the below-described property was forfeited to and is now vested in the United States of America for disposition in accordance with law, subject to the provisions of Title 21, United States Code, Section 853(n); and,

WHEREAS Notice of Criminal Forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on October 2, 2010, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Said notice advised that any person asserting a legal interest in the property subject to forfeiture may, within sixty (60) days from the first day of publication of notice, petition the Court for a hearing to adjudicate the validity of his or her alleged interest in the property. The United States further provided direct written notice to any persons known to have an alleged interest in the property, namely, Citizens Bank and,

WHEREAS Citizens Bank, by and through its attorney, R. Andrew Foxworth, filed its petition asserting its interest in the below-described real property as the equitable owner of the promissory note executed by defendant Gary Mark Stewart; and,

WHEREAS the United States and Citizens Bank having agreed to settle Citizen Bank's petition in accordance with the terms set forth in the Stipulated Settlement Agreement between said parties; and,

WHEREAS no other third-parties have come forward to assert an interest in the property in the time required under Title 21, United States Code, Section 853(n)(2); and,

WHEREAS the United States having met all statutory requirements for the forfeiture of the below-described property it is authorized to, and it should, reduce the below said property to its possession.

NOW, THEREFORE, the Court having considered the matter and been fully advised in the premises, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that, pursuant to Title 21, United States Code, Sections 846, 841(a) and 853, the following real and personal property is forfeited to the United States of America:

### PERSONAL PROPERTY

Money Judgment in the amount of $225,000.00

### REAL PROPERTY

Property located at 42 Fulgham Loop, Tylertown, Walthall County, MS more particularly described as:  Beginning at the Northwest corner of the W½ of the NW¼ of the SE¼ of Section 15, Township 3 North, Range 11 East, and run East a distance of 450 feet; thence run South to the center of the public paved road; thence run Southwesterly along the center of said road to a point where said road intersects and splits with another road; thence run in a Northwesterly and then Westerly direction along said North road to the West line of said twenty; thence run North to the point of beginning, containing eight (8) acres, more or less.
Also, beginning at the Southwest corner of the W½ of the SW¼ of the NE¼ of Section 15, Township 3 North, Range 11 East and run North a distance of 388 feet; thence run East a distance of 450 feet; thence run South a distance of 388 feet to the South line of said twenty; thence run West a distance of 450 feet to the Southwest corner of said twenty and the place of beginning.  Containing four (4) acres, more or

less. Containing in aggregate twelve (12) acres, more or less.
LESS AND EXCEPT: Commence at the Northwest corner of the W½ of the NW¼ of SE¼ of Section 15, Township 3 North, Range 11 East and run East a distance of 450 feet; thence run South to the center of the public paved road to the point of beginning of the land described herein; thence run North a distance of 580 feet; thence run West a distance of 150 feet; thence run South a distance of 580 feet, more or less, to the center of said public paved road, thence run Easterly along centerline of said road a distance of 150 feet, more or less, and back to the point of beginning and containing 2.0 acres, more or less, and being a part of the NW¼ of SE¼ of Section 15, Township 3 North, Range 11 East, Walthall County, Mississippi. (Book 365, Page 468)

Property located at 42 Possum Trot Road, Tylertown, Walthall County, MS more particularly described as:
PARCEL ONE
Commence at the SW corner of the SW ¼ of NE ¼ of Section 15, Township 3 North, Range 11 East, Walthall County, Mississippi; thence run North 0 degrees 21 minutes 07 seconds West along the West line of the above said forty for 388.00 feet to the Point of Beginning; thence continue North 0 degrees 21 minutes 07 seconds West along the above said West line for 151.82 feet; thence North 89 degrees 49 minutes 45 seconds East for 633.95 feet; thence South 8 degrees 24 minutes 27 seconds East for 1051.20 feet to the North right of way line of a Paved Public Road; thence South 76 degrees 35 minutes 59 seconds West along the above said North right of way line for 177.79 feet; thence along a curve to the left with a delta angle of 03 degrees 13 minutes 11 seconds having a radius of 3033.14 feet and a arc length of 170.44 feet, with a chord bearing and distance of South 77 degrees 14 minutes 35 seconds West along the above said North right of way line for 170.42 feet; thence North 0 degrees 22 minutes 55 seconds West for 966.37 feet; thence South 89 degrees 49 minutes 45 seconds West for 441.12 feet back to the Point of Beginning, said parcel containing 8.20 acres, more or less, and is located in the SW ¼ of NE ¼ and the NW ¼ of SE ¼ of Section 15, Township 3 North, Range 11 East, Walthall County, Mississippi.

PARCEL TWO
Beginning at a point 198 feet North of the Southwest corner of the NW ¼ of the SE ¼ of Section 15, Township 3 North, Range 11 East; thence run North 495 feet, thence run East to the center of the public road, thence run Southwest along the center of said road to the place of beginning; being located in the NW ¼ of the SE ¼ of Section 15, Township 3 North, Range 11 East. (Book 321, Page 64)

Property located at 204 Highway 586, Kokomo, Marion County, MS, more particularly described as: Commencing at the Southwest corner of Section 32, Township 4 North, Range 12 East, Marion County, Mississippi, and thence run North a distance of 3,954.1 feet to the South right of way of Mississippi State Highway No.

586 for the point of beginning: thence run South 89 degrees 14 minutes East along said South right of way of Mississippi State Highway No. 586 a distance of 105.0 feet; thence run South a distance of 135.9 feet; thence run North 84 degrees West a distance of 105.6 feet; thence run North a distance of 124.9 feet back to the point of beginning; said parcel containing 0.31 acre, more or less, and being situated in the SW¼ of the NW¼ of Section 32, Township 4 North, Range 12 East, Marion County, Mississippi. (Book 1374, Page 30)

5.  A forfeiture hearing was held on May 19, 2010.  Based on the evidence presented at said hearing, the Court found that the United States clearly established the required nexus between the two tracts of real property described above, and owned by **GARY MARK STEWART**, and the offense for which the defendant, **GARY MARK STEWART**, has been found guilty. Accordingly, the following real property owned by defendant, **GARY MARK STEWART**, is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853:

### REAL PROPERTY

Property located at 42 Fulgham Loop, Tylertown, Walthall County, MS more particularly described as:  Beginning at the Northwest corner of the W½ of the NW¼ of the SE¼ of Section 15, Township 3 North, Range 11 East, and run East a distance of 450 feet; thence run South to the center of the public paved  road; thence run Southwesterly along the center of said road to a point where said road intersects and splits with another road; thence run in a Northwesterly and then Westerly direction along said North road to the West line of said twenty; thence run North to the point of beginning, containing eight (8) acres, more or less.
Also, beginning at the Southwest corner of the W½ of the SW¼ of the NE¼ of Section 15, Township 3 North, Range 11 East and run North a distance of 388 feet; thence run East a distance of 450 feet; thence run South a distance of 388 feet to the South line of said twenty; thence run West a distance of 450 feet to the Southwest corner of said twenty and the place of beginning.  Containing four (4) acres, more or less.  Containing in aggregate twelve (12) acres, more or less.
LESS AND EXCEPT: Commence at the Northwest corner of the W½ of the NW¼ of SE¼ of Section 15, Township 3 North, Range 11 East and run East a distance of 450 feet; thence run South to the center of the public paved road to the point of beginning of the land described herein; thence run North a distance of 580 feet; thence run West a distance of 150 feet; thence run South a distance of 580 feet, more

or less, to the center of said public paved road, thence run Easterly along centerline of said road a distance of 150 feet, more or less, and back to the point of beginning and containing 2.0 acres, more or less, and being a part of the NW¼ of SE¼ of Section 15, Township 3 North, Range 11 East, Walthall County, Mississippi. (Book 365, Page 468)

Property located at 42 Possum Trot Road, Tylertown, Walthall County, MS more particularly described as:
PARCEL ONE
Commence at the SW corner of the SW ¼ of NE ¼ of Section 15, Township 3 North, Range 11 East, Walthall County, Mississippi; thence run North 0 degrees 21 minutes 07 seconds West along the West line of the above said forty for 388.00 feet to the Point of Beginning; thence continue North 0 degrees 21 minutes 07 seconds West along the above said West line for 151.82 feet; thence North 89 degrees 49 minutes 45 seconds East for 633.95 feet; thence South 8 degrees 24 minutes 27 seconds East for 1051.20 feet to the North right of way line of a Paved Public Road; thence South 76 degrees 35 minutes 59 seconds West along the above said North right of way line for 177.79 feet; thence along a curve to the left with a delta angle of 03 degrees 13 minutes 11 seconds having a radius of 3033.14 feet and a arc length of 170.44 feet, with a chord bearing and distance of South 77 degrees 14 minutes 35 seconds West along the above said North right of way line for 170.42 feet; thence North 0 degrees 22 minutes 55 seconds West for 966.37 feet; thence South 89 degrees 49 minutes 45 seconds West for 441.12 feet back to the Point of Beginning, said parcel containing 8.20 acres, more or less, and is located in the SW ¼ of NE ¼ and the NW ¼ of SE ¼ of Section 15, Township 3 North, Range 11 East, Walthall County, Mississippi.

PARCEL TWO
Beginning at a point 198 feet North of the Southwest corner of the NW ¼ of the SE ¼ of Section 15, Township 3 North, Range 11 East; thence run North 495 feet, thence run East to the center of the public road, thence run Southwest along the center of said road to the place of beginning; being located in the NW ¼ of the SE ¼ of Section 15, Township 3 North, Range 11 East. (Book 321, Page 64)

Property located at 204 Highway 586, Kokomo, Marion County, MS, more particularly described as: Commencing at the Southwest corner of Section 32, Township 4 North, Range 12 East, Marion County, Mississippi, and thence run North a distance of 3,954.1 feet to the South right of way of Mississippi State Highway No. 586 for the point of beginning: thence run South 89 degrees 14 minutes East along said South right of way of Mississippi State Highway No. 586 a distance of 105.0 feet; thence run South a distance of 135.9 feet; thence run North 84 degrees West a distance of 105.6 feet; thence run North a distance of 124.9 feet back to the point of beginning; said parcel containing 0.31 acre, more or less, and being situated in the SW¼ of the NW¼ of Section 32, Township 4 North, Range 12 East, Marion County, Mississippi. (Book 1374, Page 30)

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendant Gary Mark Stewart be given credit for the following personal property forfeited as substituted property and credited toward the money judgment rendered herein against him in the amount of $225,000.00:

$23,922.39 in Trustmark National Bank Account seized from Gary Stewart

$2,918.27 in Trustmark National Bank Account seized from Gary Stewart

$704.11 in Trustmark National Bank Account seized from Gary Stewart

$534.97 in Citizens Bank Account seized from Gary Stewart

$3,030.00 in U. S. Currency seized from Gary Stewart

$19,727.89 in U. S. Currency seized from Gary Stewart

One 2003 Harley Davidson Motorcycle VIN 1HD1BYB123Y070316

One 1999 Harley Davidson Motorcycle VIN 1HD1FCW11XY644279

One Pace Arrow Trailer VIN 4P2AB2422SU002658

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all right, title and interest to the above-described property is hereby condemned, forfeited, and vested in the United States of America and shall be disposed of according to law; and,

**IT IS FURTHER ORDERED** that the United States Marshals Service take the above-described property into its secure custody and control for disposition according to law; and,

**IT IS FURTHER ORDERED** that, upon entry of a Final Order of Forfeiture, forfeiting the real property to the United States and upon the sale of the real property by the United States, the United States will pay Citizens Bank the following sums from the proceeds of the sale (after deducting all costs of the sale):

a. an unpaid balance as of January 6, 2011, of $147,207.22, plus accrued interest, at the contractual rate of $34.19 per day under its Deed of Trust.

      b. if the United States Marshal determines that the appraised value of the property does not warrant the sale of the property, the Marshal is to return the property to claimant/lienholder.

      c. as part of the closing on the sale of the real property, Citizens Bank will cancel and surrender its deed of trust, and the sums due Citizens Bank will be paid from the funds generated by the sale.

      d. the payment to Citizens Bank shall be in full settlement and satisfaction of any and all claims by Citizens Bank to the real property and all claims resulting from the incidents or circumstances giving rise to Citizens Bank's claim in this matter.

      e. upon payment, Claimant Citizens Bank agrees to release and hold harmless the United States, and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by Citizens Bank and its agents which currently exist or which may arise as a result of the United States' action in this case.

**IT IS FURTHER ORDERED** that the United States of America shall have clear title to the above-described property that is the subject of this Final Order of Forfeiture and may warrant good title to any subsequent purchaser or transferee; and

**IT IS FURTHER ORDERED** that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Judgment; and,

**IT IS FURTHER ORDERED** that this order will be enrolled in all appropriate Judgment Rolls.

**SO ORDERED** this 11th day of March, 2011.

                                      *s/ Keith Starrett*
                                 UNITED STATES DISTRICT JUDGE